## N. Y. SUPERIOR COURT.

### JAMES K. HILL agt. GEORGE PLACE.

It is no defense to an action brought on a promissory note, payable at a particular place, against the maker thereof, that on the last day of grace sufficient money to pay it was deposited and kept on deposit at that place.

Such deposit is available, in an action against the maker, only as a tender, and must be properly pleaded as such.

It is not necessary to the maintenance of an action brought on a promissory note payable at a particular place, against the maker thereof, either that payment should have been demanded of the maker personally, or at the designated place, or that the note should have been protested.

*Special Term, April*, 1868.

MOTION for a new trial on the minutes of the judge before whom the cause was tried, made at the term at which the cause was tried.

The action was brought on a promissory note made by defendant, payable at the Hanover National Bank.

The defense set up is that on the last day of grace there was sufficient money deposited in the Hanover National Bank to pay the note, which money was allowed to remain there, for the purpose of paying the note, for several days.

There is no allegation in the answer to the effect that defendant, simultaneously with putting in the answer, brought the money into court, or to the effect that the money had been brought into court prior to the putting of

the answer. In point of fact, the money has never been brought into court.

On the last day of grace, between 10 and 11 o'clock in the morning, the note was presented at the bank for payment, and payment demanded, which was refused. Subsequently to this demand, the money to pay the note was deposited; but no notice of this fact was given to the holder of the note, nor was the note again presented for payment at the close of banking hours.

There was proof that it is the custom to present notes for payment between ten and three o'clock, but that the maker has until three o'clock to pay the note, and it cannot be protested until after three; that, according to the custom, it is necessary, if a note on a presentment made prior to three o'clock is not paid, to present it again after three o'clock, before it can be protested.

The court directed a verdict for plaintiff.

Jones, J. The deposit in a bank at which a note is payable of sufficient money to pay it is not a payment of it, nor is it such an extinguishment that the holder cannot thereafter recover from the maker, in an action brought, the amount due on the note.

Such deposit is simply a tender of the amount, and as such, if properly pleaded to a suit thereafter brought, it bars the recovery of interest subsequent to the tender, and of all costs subsequent to the payment of the money into court, if the plaintiff accepts the money; if, however, the plaintiff does not accept the money, but goes to trial then, if defendant establishes his defense of tender, such defense bars the recovery of all interest subsequent to the tender, and all costs, and entitles the defendant to costs. But this is the only effect of a plea of tender. It does not in any event bar a recovery of the principal amount due, with interest to the day of tender. (*Wolcott* agt. *Van Santvoord,* 17 *J. R.* 246; *Caldwell* agt. *Cassidy,* 8 *Cow. p.* 271; *Grah.*

*Prac. pp.* 454 *to* 460; *Burrill's Forms, edition May* 4, 1840, *p.* 338.)

Conceding, then, that the tender in this case was sufficiently pleaded, still the plaintiff would be entitled to recover the amount of the note, although he would have to pay the costs of the action.

But the tender is not sufficiently pleaded. There is no allegation in the answer that the money then was, or theretofore had been, brought into court; and in point of fact, the money never has been brought into court.

To make a plea of tender good and sufficient, it is necessary not only that the money should be actually brought into court, but that the answer should avow that fact. (*See cases above cited.*)

It therefore follows that neither the answer nor the proof given under it constituted a bar to plaintiff's recovery of the debt, of the interest thereon, and of the costs of suit.

Defendant, however, suggests that plaintiff cannot recover unless he has demanded payment at the place at which the note is payable, and that such demand must be made after three o'clock on the last day of grace.

No demand whatever is necessary to enable the plaintiff to maintain his action. (*Wolcott* agt. *Van Santvoord,* 17 *J. R.* 246.)

Consequently, in this aspect of the case, it is unnecessary to consider the effect of a demand between ten and eleven in the morning, not followed up by a demand after three.

If the tender had been sufficiently pleaded, then the question might arise, whether a deposit made before three on the last day of grace, but after a demand and refusal at an earlier period of the day, would amount to a tender.

As under the present pleadings it is unnecessary to pass on that point, I refrain from considering or intimating an opinion on it.

As it is wholly unnecessary, in any case whatever, to protest a note for non-payment as against the maker, the ques-

tions as to whether the custom proved to exist in the city of New York, that a note payable at a bank on a certain day cannot be protested until after three P. M. of the last day of grace, can be allowed to have any effect at all, and if it has any effect, then what that effect is, do not arise for decision.

Motion for a new trial must be denied, with $10 costs.

On appeal from this decision, the general term affirmed he order, for the reasons assigned in above opinion.